IN THE UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF OHIO

| | |
|---|---|
| IN RE: | CASE NO. 17-62773 |
| BRIAN M. STIMER<br>ROSE LEE STIMER | CHAPTER 7 |
| | JUDGE RUSS KENDIG |
| Debtors | ADVERSARY NO. |
| LISA M. BARBACCI, TRUSTEE<br>PO Box 1299<br>Medina, OH 44258 | ADVERSARY COMPLAINT<br><u>(OBJECTION TO DISCHARGE)</u> |
| Plaintiff | |
| vs | |
| BRIAN M. STIMER<br>4993 Cardington Green Circle NW<br>Canton, OH 44718 | |
| Defendant | |

1. This Court has subject matter jurisdiction over the within adversary proceeding pursuant to Title 28, U.S. Code, Sections 1334 and 157, and General Order No. 84 entered in this District on July 16, 1984.

2. This is a core proceeding pursuant to Title 28, U.S. Code, Section 157.

3. Plaintiff consents to the entry of final orders by the Bankruptcy Court.

4. Defendant Brian M. Stimer is one of the Debtors in Case No. 17-62773, which case was filed on December 21, 2017.

5. Plaintiff is the duly qualified and acting trustee in the within case.

<u>FIRST CLAIM - EDF STOCK</u>

6. Plaintiff incorporates Paragraphs 1-5 as though fully rewritten herein.

7. On Schedule B, Item 19, Defendant scheduled that he was a 25% owner of Edward D. Fleeman, Inc. (EDF)

8. At the continued Section 341 Meeting, Plaintiff inquired as to the EDF stock. Defendant adamantly denied that he had ever sold or received anything of value for the EDF stock, and that there was no value to it as it was basically an inactive corporation.

9. In fact, on August 3, 2017, Defendant had sold his interest in EDF stock back to the company for $5,000.00.

10. Defendant has not provided any documentation as to how that sum was determined to be a fair selling price.

11. The Defendant provided various bank statements to the trustee which covered August, 2017. None of the bank statements show the deposit of the money from the sale.

12. The sale was not disclosed on the Statement of Affairs Item 18.

13. The income was not disclosed on the Statement of Affairs Question 5.

14. Defendant has made a false oath or statement in connection with his bankruptcy case, in violation of 11 U.S. Code Section (a)(4)(A).

15. Defendant has withheld records regarding the monies received in violation of 11 U.S. Code Section (a)(4)(D).

16. Defendant has failed to satisfactorily explain any loss or deficiency of assets to meet the debtor's liabilities in violation of 11 U.S. Code Section (a)(5).

17. Defendant has, with intent to hinder, delay, or defraud a creditor or an office of the estate charged with custody of property under Title 11, has transferred, removed, destroyed, mutilated, or concealed, or has permitted to be transferred, removed, destroyed, mutilated or concealed property of the debtor, within one year before the date of the filing of the petition, in

violation of 11 U. S. Code Section 727(a)(2)(A).

## SECOND CLAIM - MIDWEST COMPANIES

18. Plaintiff restates and incorporates herein Paragraph 1-17.

19. At some time prior to filing the case herein, the debtor was a principal of a group of companies centered around Midwest Communications, which companies were of substantial value and contributed significant income.

20. The debtor alleges that the entire value was lost at some time pre-petition. Proper tax records have not been provided to document these losses over the years.

21. The debtor has failed to explain satisfactorily, before determination of denial of discharge under 11 U. S. Code Section 727(a)(5), any loss of assets or deficiency of assets to meet debtor's liabilities in violation of 11 U.S. Code Section 727(a)(5).

## THIRD CLAIM - DIEBOLD ESCROW ACCOUNT

22. Plaintiff restates and incorporates Paragraph 1-22.

23. At the Rule 2004 Examination held on July 20, 2018, Defendant stated that there had been an escrow account at Premier Bank to escrow real estate taxes for the property on Dressler Rd which was occupied by Midwest Communications. He further testified that the sum of approximately $300,000.00 was embezzled from that account by a third party, resulting in non-payment of the real estate taxes, which caused the secured lender to declare the note in default, resulting in the foreclosure of the mortgage on the premises.

24. The trustee requested that she be given the appropriate bank records, and the request was declined.

25. The debtor has concealed, destroyed, mutilated, falsified, or failed to keep or preserve any recorded information, including books, documents, records, and papers, from which

the debtor's financial condition or business transactions might be ascertained, and such act or failure to act was not justified under all of the circumstances of the case, in violation of 11 U. S. Code Section 727(a)(3).

WHEREFORE, Plaintiff requests that this Court deny the granting of a discharge under 11 U. S. Code Section 727 to this Debtor-Defendant.

 /S/ Edwin H. Breyfogle
Edwin H. Breyfogle
Ohio Reg. No. 0000822
Attorney for Plaintiffs
108 Third St NE
Massillon, OH 44646
(330) 837-9735
FAX (330) 837-8922